CARMEN HILDA PIRIS RODRÍGUEZ, recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE PONCE, recurrido.

Núm. 1218.—*Sometido:* Noviembre 3, 1947. *Resuelto:* Diciembre 2, 1947.

*Carlos E. Colón,* abogado de la recurrente; el registrador recurrido compareció por escrito.

El Juez Asociado Señor De Jesús emitió la opinión del tribunal.

Guillermo Piris Rivero, mayor de edad, soltero, y la recurrente Carmen Hilda Piris Rodríguez, su hija de trece años de edad, comparecieron ante el notario Carlos E. Colón, con el propósito, el primero de hacer y la segunda de aceptar, una donación puramente graciosa, consistente en un condominio de una cuarta parte de una finca urbana radicada en Ponce. En la escritura se consignó que la menor comparecía al solo efecto de aceptar por escrito la donación. En relación con la aceptación se expuso lo siguiente en la escritura:

"Aceptación por la Donataria.—La donataria aquí compareciente, de nombre Carmen Hilda Piris Rodríguez, y que como queda antes dicho tiene en la actualidad trece años de edad y sabe leer y escribir a perfección, después de leer la presente escritura y yo el Notario hacerle saber todas las consecuencias legales del presente otorgamiento, Acepta por la Presente la donación héchale en este mismo instrumento público, a todos los efectos de ley por lo que a continuación estampará su firma en el presente documento en otorgamiento de la presente aceptación."

El Registrador denegó la inscripción del documento fundándose en que no había sido legalmente aceptada la donación porque a su juicio era necesario que la menor estuviese representada por un defensor.

Tendría razón el Registrador si se tratase de la aceptación de cualquier otro contrato, pues la aceptación es un modo del consentimiento, artículo 1214 del Código Civil, y los menores no emancipados no pueden prestar consentimiento. Artículo 1215 del Código Civil. Pero tratándose, como en el presente caso, de una donación puramente graciosa, no es de aplicación el artículo 1215, sino los 567 y 568 del citado Código, que prescriben:

"Artículo 567.—Podrán aceptar las donaciones todos los que no estén especialmente incapacitados por la ley para ello.

"Artículo 568.—Las personas que no pueden contratar no podrán aceptar donaciones condicionales u onerosas sin la intervención de sus legítimos representantes."

No conocemos ley alguna que especialmente incapacite a un menor no emancipado para aceptar una donación puramente graciosa.(¹) Por el contrario, el artículo 568 implícitamente capacita a los menores no emancipados para aceptar donaciones cuando no sean condicionales u onerosas. Y eso es lo racional, porque en la aceptación de una donación puramente graciosa el menor no asume ningún riesgo, y consecuentemente resulta innecesario el nombramiento de un defensor. Manresa, Comentarios al Código Civil Español, t. 5 (5ta. ed. 1932) pág. 99; Sánchez Román, Derecho Civil Español, Común y Foral, t. 4 (2da. ed. 1899) pág. 704, párrafo 50 y Castán, Derecho Civil Español, Común y Foral, t. 3 (6ta. ed. 1944) pág. 100.

Claro es, que como dice Castán, en el tomo y página citados, siguiendo a Morell, se necesita posibilidad de aplicación. Es decir, que el menor tenga uso de razón, pues si no la tiene no podrá comparecer ante un notario a aceptar una donación, porque, como dice Manresa, "sería reducir la aceptación a un trámite tan inútil como ridículo, y no es ciertamente ése el espíritu que domina en el Código respecto a esta materia." Manresa, tomo y página citados. Pero en el presente caso se trata de una niña de trece años de edad, quien sabe leer y escribir perfectamente, según aseguró el notario bajo su fe, e interpretando racionalmente la ley, no dudamos que la menor recurrente tenía, al otorgarse la escritura, la capacidad legal suficiente para aceptar por sí sola la donación.

Estando la recurrente debidamente capacitada para aceptar en escritura pública la donación que le hiciera su padre erró el Registrador al denegar la inscripción del documento.

*Procede revocar la nota recurrida y ordenar la inscripción.*

(¹)Estas incapacidades pueden dividirse en incapacidades propiamente dichas y prohibiciones e incapacidades relativas. Las incapacidades propiamente dichas son las contenidas en el artículo 676 del Código Civil, en relación con el 562 del mismo cuerpo legal. Y las relativas aquéllas de que tratan los artículos 1286 y 1287 del mismo Código.